[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10281
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00010-SCJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 15, 2020)

Before NEWSOM, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Matthew Taylor appeals the substantive reasonableness of the sentence imposed upon revocation of Taylor's supervised release.  The district court sentenced Taylor to 8 months' imprisonment followed by an additional term of 12 months' supervised release.  No reversible error has been shown; we affirm.

In 2012, Taylor was convicted of tax evasion, structuring, wire fraud, and possessing stolen property, in violation of 26 U.S.C. § 7201, 31 U.S.C. § 5324(a)(3), and 18 U.S.C. §§ 1343, 2315.  Taylor was sentenced to 90 months in prison, followed by 3 years' supervised release.  Taylor was also ordered to make restitution in the amount of $1,244,190.52.

Taylor's supervised release began in 2017.  In March 2019, a probation officer petitioned the district court to revoke Taylor's supervised release.  The amended petition charged Taylor with 35 supervised release violations: including failure to pay restitution, timely file taxes, submit truthful and complete written reports, provide accurate financial statements, maintain just one personal bank account, disclose all other bank accounts, and obtain approval before transferring assets.

2

At the revocation hearing, Taylor admitted to 31 of the charged violations.[1] The district court revoked Taylor's supervised release. After considering the parties' submissions, the guidelines range, and the 18 U.S.C. § 3553(a) factors, the district court concluded that a sentence of 8 months' imprisonment followed by 12 months' supervised release was appropriate.

On appeal, Taylor does not challenge the revocation of his supervised release. He argues, however, that his sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing.

When a defendant violates a condition of his supervised release, the district court may revoke supervised release and impose a term of imprisonment. 18 U.S.C. § 3582(e)(3). In imposing a sentence upon revocation of supervised release, the district court must consider (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the need for the sentence to deter criminal conduct and to protect the public, (4) the need to provide the defendant with educational training or medical care, (5) the advisory guidelines range, (6) the policy statements of the Sentencing Commission, (7) the need to avoid sentencing disparities, and (8) the need to provide restitution to victims. See 18 U.S.C. §§ 3553(a), 3583(e). "The weight to be accorded any given § 3553(a)

---

[1] The government dropped three charged violations and parts of two other violations. Taylor contested only Violation #35; the district court found a partial violation of Violation #35.

3

factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

We review a sentence imposed upon revocation of supervised release for reasonableness in the light of the totality of the circumstances and the section 3553(a) factors. United States v. Trailer, 827 F.3d 933, 935-36 (11th Cir. 2016). We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable. Trailer, 827 F.3d at 936.

We conclude that Taylor's sentence is substantively reasonable. First, Taylor's 8-month sentence was both within the advisory guidelines range of 3 to 9 months' imprisonment and well below the statutory maximum sentence of 24 months -- factors that strengthen a finding of reasonableness. See United States v. Dixon, 901 F.3d 1322, 1351 (11th Cir. 2018); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Briefly stated, Taylor contends that the supervised release violations were mere "technical violations" -- not a new criminal offense -- and stresses that the unapproved transactions were not treated as a set, but as individual violations for each transaction. Taylor also asserts that he had resolved many of the violations

4

before the revocation hearing and says he committed some violations "unwillingly" based on his misunderstanding of his restitution obligations.

The district court rejected Taylor's characterization of his violations as being technical or unintentional. The district court found, instead, that Taylor had been "directly and intentionally deceiving the probation office" and had failed to notify the probation office about $175,000 in cash and the purchase of two cars. The district court also noted a similarity between Taylor's conviction for tax evasion and Taylor's acting evasively by moving money around while on supervised release. The district court found expressly that the charged violations were not the result of mistake, frustration, or errors, but -- instead -- evidenced "direct deception and deceit." The record supports the district court's findings.

In the light of the nature and circumstances of Taylor's many supervised release violations and of Taylor's history and characteristics, we accept that an 8-month prison sentence followed by 12 months' supervised release could be reasonably thought to be necessary, among other things, to deter Taylor from further criminal conduct and from further violating the terms of his supervised release.

We reject Taylor's argument that the district court gave insufficient weight to Taylor's need for ongoing medical treatment.[2]  The district court clearly considered Taylor's medical conditions and explained that the government would "be responsible for any medical attention or medical needs" Taylor had.  The district court has considerable discretion in weighing the section 3553(a) factors. See Clay, 483 F.3d at 743.

We have also previously rejected the argument that a defendant's custodial prison sentence should be shortened simply to allow the defendant to make restitution payments.  See United States v. Crisp, 454 F.3d 1285, 1291 (11th Cir. 2006).  Moreover, that the government has legal authority to enforce restitution payments from defendants not on supervised release does not make the imposition of an additional term of supervised release substantively unreasonable.

Viewing the record as a whole, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See Trailer, 827 F.3d at

---

[2] At the revocation hearing, Taylor said he was receiving medical care for his heart problems, high blood pressure, a mass behind his ear, and gastroenterological issues.

6

936. The district court abused no discretion; we affirm Taylor's sentence.

AFFIRMED.